# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JUSTIN HARRIS,<br><br>    Petitioner-Defendant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent-Plaintiff. | No.  C 04-0044-LRR<br>No.  CR 03-0028-LRR<br><br>**ORDER** |

The matter before the court is the government's Motion to Dismiss Defendant's Title 28 § 2255 Motion and to Stay Briefing Schedule (docket no. 42).

## *I. PROCEDURAL BACKGROUND*

On April 25, 2003, the grand jury returned a one-count Indictment against Defendant. Count 1 charged on or about October 4, 2002, Defendant, who was then an unlawful user of controlled substances, did knowingly and unlawfully possess, in and affecting commerce, firearms in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On July 21, 2003, the court accepted Defendant's plea of guilty to Count 1 of the Indictment. On September 26, 2003, the court held Defendant's sentencing hearing and sentenced him to fourteen months of imprisonment, to be followed by two years of supervised release, and ordered him to pay a $100.00 special assessment.

On October 6, 2003, Defendant timely filed a notice of appeal. On March 25, 2004, the United States Court of Appeals for the Eighth Circuit affirmed Defendant's conviction, finding no nonfrivolous issues. *United States v. Harris*, No. 03-3473, 2004 U.S. App. LEXIS 5533, at *2 (8th Cir. Mar. 25, 2004) (unpublished).

On April 12, 2004, Defendant filed a Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (docket no. 35). In his § 2255 Motion, Defendant claims the circumstances of his case entitled him to the "sporting use" downward departure in determining his total offense level under the United States Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) (2003). He claims he received ineffective assistance of counsel at his sentencing hearing because his counsel failed to pursue such downward departure. The court conducted an initial review of the § 2255 Motion. On January 7, 2005, the court ordered the government to respond to the § 2255 Motion by March 7, 2005, and Defendant to reply to the government's response, if he so chose, by March 28, 2005.

On January 27, 2005, the government filed the Motion to Dismiss Defendant's Title 28 § 2255 Motion and to Stay Briefing Schedule ("Motion to Dismiss") under consideration here.[1] In its Motion to Dismiss, the government urges the court to deny Defendant's § 2255 Motion as moot. The government argues that 28 U.S.C. § 2255 ("§ 2255") is an avenue of relief only to defendants who are serving terms of federal imprisonment. The government argues § 2255 is not available to Defendant because Defendant has completed his term of incarceration and is now serving his term of supervised release. Defendant does not resist the government's Motion to Dismiss. Finding the Motion to Dismiss to be fully submitted and ready for decision, the court now addresses it.

## II. LEGAL ANALYSIS

> A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the
> ground that the sentence was imposed in violation of the

---

[1] On March 10, 2005, the court granted a stay of the briefing schedule.

> Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. In order to rely upon § 2255 for relief, the movant must satisfy the threshold inquiry of being "in custody." *Loar v. United States*, 434 F.2d 254, 255 (8th Cir. 1970) ("A motion attacking a sentence may be considered only if the appellant is still in custody.").

A person serving a term of supervised release is "in custody" for purposes of 28 U.S.C. § 2255. *United States v. Queen*, No. 03-2796, 2004 U.S. App. LEXIS 5531, at *1 (8th Cir. Mar. 25, 2004) (per curiam) (unpublished) (holding the proper mechanism by which a defendant on supervised release can bring an ineffective assistance of counsel claim is by collateral proceedings pursuant to § 2255 and not by direct appeal) (citing *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)); *see also Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (holding a criminal defendant serving a term of supervised release is "in custody" for purposes of § 2255); *Pregent*, 190 F.3d at 283 (same) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)); *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (same) (citing *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963)); *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993) (same). The United States Court of Appeals for the Eleventh Circuit explains that supervised release is like being "in custody" because a criminal defendant on supervised release is "still subject to the restrictions on liberty that accompany a term of supervised release [and s]upervised release carries with it the possibility of revocation and additional jail time." *Brown*, 117 F.3d at 475.

In the present case, Defendant was sentenced to a two-year term of supervised

release following his release from imprisonment. The government states Defendant was serving his supervised release term at the time he filed his § 2255 Motion, and currently is serving such supervised release term. The court finds Defendant was in custody when he filed his § 2255 Motion. Therefore, the court finds the arguments advanced in the government's Motion to Dismiss are meritless.

## III.  CONCLUSION

**IT IS HEREBY ORDERED**:

(1) The court **DENIES** the government's Motion to Dismiss Defendant's Title 28 § 2255 Motion and to Stay Briefing Schedule (docket no. 42).

(2) With regard to Defendant Justin Harris's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket no. 35), the court directs the United States Attorney and Defendant to respond in the following manner:

(a) The United States Attorney for the Northern District of Iowa shall move or plead to Defendant's § 2255 Motion by July 11, 2005.

(b) Defendant shall reply to the government's response, if he so chooses, by August 12, 2005.

**SO ORDERED.**

**DATED** this 1st day of June, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA